# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

DARRYL B. MYLES,

       Petitioner,

v.                               CASE NO. 4:17cv326-RH/GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

       Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

A Florida jury convicted Darryl B. Myles of robbery. The sentencing judge found by the preponderance of the evidence that Mr. Myles committed the offense within three years after release from custody for a felony; this made Mr. Myles a "prison releasee reoffender" under Florida Statutes § 775.082(9). This in turn subjected Mr. Myles to a minimum mandatory 15-year sentence. Mr. Myles seeks relief by a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

I

Under *Apprendi v. New Jersey* and later cases, a defendant has two rights: first, the right to trial by jury on any fact, other than "the fact of a prior conviction," that would increase the minimum or maximum sentence; and second, the right to have any such fact established on proof beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see, e.g.*, *Alleyne v. United States*, 570 U.S. 99, 116 (2013); *United States v. Booker*, 543 U.S. 220, 231 (2005); *Blakely v. Washington*, 542 U.S. 296, 303-05 (2004). This was settled before Mr. Myles went to trial and was sentenced; the decisions apply to him.

In the current petition, Mr. Myles asserts, among other things, that his sentence violated *Apprendi*. The contention presents three issues: first, whether the *Apprendi* exception for "the fact of a prior conviction" extends to the date of the current offense of conviction and the date of the defendant's *release from custody* on the prior conviction; second, if the answer is no, whether the answer is so clear that all reasonable jurists would agree, thus allowing relief under the Antiterrorism and Effective Death Penalty Act's deferential standard of review; and third, in any event, whether any error, even if beyond fair debate, made no difference, thus precluding relief.

The petition is before the court on the magistrate judge's report and recommendation, ECF No. 18. No objections have been filed. The report and

recommendation is correct and is adopted as the court's opinion except on the *Apprendi* issue.

II

By its plain terms, the *Apprendi* exception applies only to "the fact of a prior conviction." *Apprendi*, 530 U.S. at 490. Had the Supreme Court wished to create an exception for all related facts, it could have said so, but it did not. By pointedly referring to "the fact" of a prior conviction, the Court quite deliberately made the exception narrow. Indeed, the Court has itself repeatedly labeled the exception "narrow." *See, e.g.*, *Alleyne*, 570 U.S. at 111 n.1; *Apprendi*, 530 U.S. at 490.

The Court has shown no inclination to expand the exception. Quite the contrary. At one point five justices had questioned even the exception as narrowly framed; they had suggested there should be no such exception at all. *See Almendarez-Torres*, 523 U.S. 224, 258 (1998) (Scalia, J., dissenting for four justices not including Justice Thomas) ("[T]here is no rational basis for making recidivism an exception.") (emphasis omitted); *Apprendi*, 530 U.S. at 519-22 (Thomas, J., concurring) (receding from the decision to join the *Almendarez-Torres* majority); *see also Dretke v. Haley*, 541 U.S. 386, 395-96 (2004) (characterizing the validity and scope of the prior-conviction exception as "difficult constitutional questions").

Unless the Supreme Court explicitly overturns the exception, lower courts of course must continue to apply it. *See, e.g.*, *United States v. Gibson*, 434 F.3d 1234, 1246-47 (11th Cir. 2006). But courts should hesitate before expanding it. Courts have properly applied the exception only to legal conclusions and facts that inhere in a prior conviction. *See, e.g.*, *Gibson*, 434 F.3d 1234, 1247-49 (holding that the exception extends to whether a prior conviction was a controlled-substance offense); *United States v. Johnson*, 440 F.3d 832, 848-49 (6th Cir. 2006) (holding within the exception the date of the prior conviction, the defendant's age at that time, and the sentence); *see also United States v. Santiago*, 268 F.3d 151, 156 (2d Cir. 2001) (holding within the exception "the who, what, when, and where of a prior conviction," including whether, as required by the Armed Career Criminal Act, prior convictions occurred on "different occasions").

In any event, while analytically troublesome, the prior-conviction exception is of limited practical significance. This is so because the fact of a prior conviction is almost always readily determinable and beyond genuine dispute; insisting on trial by jury for this fact would rarely make a difference.

Not so for the facts at issue in many cases applying the Florida prison-releasee-reoffender statute. To determine whether that statute applies, one must determine both the date of the new offense of conviction and the date on which the

defendant was released from custody on a prior conviction. It is unlikely that either issue comes within the *Apprendi* exception for prior convictions.

First, a jury verdict does not always determine the date of the new offense of conviction. An indictment or information often charges that an offense was committed within a specified period, not on a specified date. This is especially true for conspiracy charges. For an indictment or information that specifies only a period, a jury is usually asked to determine only whether the defendant committed the offense within (or reasonable near) the specified period—not to determine the actual date of the offense. When the actual date of the new offense affects application of the prison-releasee-reoffender statute, *Apprendi* applies; the prior-conviction exception does not.

Second, under Florida's system for conditional release, the date on which a defendant was actually released from custody on a prior conviction is not always clear. Recognizing this, state courts have insisted on adequate proof of the release date. *See, e.g.*, *Gray v. State*, 910 So. 2d 867, 870 (Fla. 1st DCA 2005) (collecting cases). Indeed, *Gray* labeled such proof "an essential requirement for sentencing pursuant to the PRR Act." *Id*. at 868 (quoting *Glover v. State*, 871 So. 2d 1025, 1025 (Fla. 1st DCA 2004)).

This squarely implicates *Apprendi* and casts doubt on the assertion that the release date comes within the prior-conviction exception. Nonetheless, Florida

courts have said the exception applies—that the proof, though essential, must meet only the preponderance standard as determined by the judge, not the reasonable-doubt standard as determined by a jury. *See, e.g.*, *State v. Wilson*, 203 So. 3d 192, 193-94 (Fla. 4th DCA 2016); *Lopez v. State*, 135 So. 3d 539, 540 (Fla. 2d DCA 2014); *Williams v. State*, 143 So. 3d 423, 424 (Fla. 1st DCA 2014).

### III

A federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A long and ever-growing line of cases addresses these standards. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86 (2011); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117 (11th Cir. 2012). No purpose would be served by repeating here all the analysis set out in the many cases.

### IV

Whether the *Apprendi* prior-conviction exception applies to the date of a defendant's release from custody on a prior conviction is fairly debatable. Mr. Myles thus is not entitled to relief on this issue on this federal petition. And

*Apprendi* might not have been violated anyway, even if the prior-conviction exception did not apply. At the sentencing hearing, when the state proffered a log from the Department of Corrections establishing Mr. Myles's release date, he did not object. If not an admission of the release date, this was surely close. *See Booker*, 543 U.S. 220, 244 ("[W]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (emphasis added).

The analysis is different for the date of an offense of conviction. A defendant has the right to a jury trial on proof beyond a reasonable doubt on a relevant date of an offense of conviction—a date that affects the minimum or maximum sentence under the prison-releasee-reoffender statute. Holding otherwise may be contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court in *Apprendi* and later cases.

Even so, Mr. Myles is not entitled to relief on this basis. Mr. Myles was charged with an offense on or about a specific date. The jury verdict necessarily determined that he committed the offense on or reasonably near that date. When a fact at issue is determined by a jury on proof beyond a reasonable doubt, there is no *Apprendi* violation.

V

In *Brecht v. Abrahamson*, 507 U.S. 619 (1993), the Supreme Court said the appropriate standard for harmlessness of a nonstructural constitutional error on collateral review is whether the error "had substantial and injurious effect or influence" in determining the outcome. *Id.* at 623. As set out above, *Apprendi* encompasses two rights: the right to have a covered fact determined by a jury, not a judge, and the right to have the fact determined on proof beyond a reasonable doubt, not by the preponderance of the evidence. The assertion that the second of these rights is structural is stronger than the argument that the first is. But the Eleventh Circuit has drawn no distinction, applying *Brecht* to all errors under *Apprendi* and its progeny. *See Plasencia v. Sec'y, Fla. Dep't of Corr.*, 606 F. App'x 511, 515 (11th Cir. 2015) (citing *Lovins v. Parker*, 712 F.3d 283, 303-04 (6th Cir. 2013)).

Mr. Myles has not met the *Brecht* standard. Indeed, he has not met the higher standard for harmless error on direct appeal. The record establishes without dispute that Mr. Myles committed the new offense on July 23, 2013. He was released from custody on the prior conviction less than a month earlier, on June 26, 2013. Whether tried to a judge or jury, and whether on a preponderance or reasonable-doubt standard, the result would be the same. It is clear beyond any

reasonable doubt that any error made no difference. Mr. Myles thus would be entitled to relief only if an *Apprendi* error is structural. It is not.

## VI

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The *Apprendi* issue would qualify for a certificate of appealability but for harmlessness. Because any error was harmless, Mr. Myles has not made the required showing. This order denies a certificate of appealability.

VII

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on February 27, 2019.

s/Robert L. Hinkle
United States District Judge